■ In the Matter of WILLIAM A. JULIEN, Petitioner, against ISADOR LUBIN, as Industrial Commissioner of the State of New York, Respondent.— Determination of the Industrial Commissioner is unanimously annulled on the law, with $20 costs and disbursements to petitioner, and the matter is remitted to the Industrial Commissioner for a new hearing on the charges preferred against petitioner. Petitioner was removed from his civil service position as an Employment Interviewer of the Divison of Employment of the Department of Labor of the State of New York after a hearing on charges of incompetence and misconduct. From the extensive record of the hearing, which was conducted pursuant to section 22 of the Civil Service Law, we are convinced that there was substantial evidence to support the determination of the Industrial Commissioner. Moreover, petitioner did not take the stand in defense of the charges made against him. However, in the course of the hearing, petitioner's counsel requested the hearing officer to sign subpœnas for certain named persons and a blank subpœna for other witnesses — whose names he did not want to disclose. That request was refused. Subdivision 2 of section 22 of the Civil Service Law specifically provides that upon a hearing held pursuant to that section the hearing officer " shall, upon the request of such employee, allow him to summon witnesses." The subpœnas which counsel sought were for witnesses whose testimony would have some relevancy to the charges and specifications. In our opinion, the denial of the request to summon the witnesses — by a refusal to issue subpœnas — constituted such a fundamental curtailment of a substantial right as to invalidate the entire hearing. Under the circumstances, there was no room

for the exercise of discretion by the hearing officer to refuse the requested subpœnas. Under the circumstances, the determination may not stand and a new hearing must be had. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Stevens, JJ.